**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VICTORIA DIANA CARILLO,**
**VICTORIA MARIA MCCLENDON,**
**MELVIN LANEER JUDGE,**

        **Plaintiffs,**

-vs-                                  Case No.  6:05-cv-1216-Orl-28KRS

**BANK OF AMERICA, HENRY**
**CRUMLEY, KELLI MICHELLE**
**BELLEASE, TONY CURTIS WRIGHT,**
**DARRICK T. WILLIAMS, CABRERA**
**IVAN #10233, DEBBIE DEVOE #4571,**
**GALO ANTHONY GUERRERO ,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 25)**
>
> **FILED:** December 13, 2005
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

> **MOTION:** **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 26)**
>
> **FILED:** December 13, 2005
> ───────────────────────────────────────────────
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

> **MOTION:** **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 27)**
>
> **FILED:** December 13, 2005
> ───────────────────────────────────────────────
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

> **MOTION:** **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 28)**
>
> **FILED:** December 13, 2005
> ───────────────────────────────────────────────
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

> **MOTION:** **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 29)**
>
> **FILED:** December 13, 2005
> ───────────────────────────────────────────────
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 30)** |
| **FILED:** | **December 13, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 31)** |
| **FILED:** | **December 13, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Plaintiffs Victoria Carillo, Victoria McClendon, and Melvin Judge filed the instant complaint on August 22, 2005. (Doc. No. 1). On October 13, 2005, Plaintiffs filed Returns of Service indicating that Plaintiffs sent a Summons to each of the Defendants by certified mail. (Doc. Nos. 7-14). The Returns of Service indicate that certified mail addressed to each of the individual defendants was postmarked August 23, 2005, and that the certified mail to Bank of America was postmarked September 12, 2005. *Id*. Plaintiffs filed a receipt of delivery of certified mail sent to Defendants Debbie Devoe (Doc. No. 25), Henry Crumley (Doc. No. 27), Cabrera Ivan (Doc. No. 28), Tony Curtis Wright (Doc. No. 30), and Darrick T. Williams (Doc. No. 31). Plaintiffs filed a notice that the certified mail sent to Defendant Galo Anthony Guerrero was unclaimed. (Doc. No. 26). It does not appear that the certified mail sent to Defendant Kelli Michella Bellease was delivered. (Doc. No. 29).

Plaintiffs now move for default in documents styled as as "Certificate[s] of Default" and attach a proposed Default Judgment to each document. (Doc. Nos. 25, 26, 27, 28, 29, 30, and 31). Each

Certificate of Default names only Defendant Henry Crumley, although from the documents attached to the Certificates of Default, it appears that Plaintiffs intended to move for entry of default and a default judgment against each of the individual defendants.

Federal Rule of Civil Procedure 55(a) provides that the Clerk of Court shall enter default when it is made known to the Clerk that "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . ." Rule 55(b) provides for the entry of default judgment after the entry of a clerk's default.

Preliminary to any inquiry as to the propriety of either the entry of a clerk's default or the entry of default judgment, it must be shown that proper service of process was effected. Federal Rule of Civil Procedure 4(d) provides that a plaintiff may request a waiver of service, and if such waiver is obtained, may use first-class mail or other reliable means to deliver the notice, request, and copy of the complaint. Absent such a waiver, Rule 4(e) provides that proper service may be effected "(1) pursuant to the law of the state in which the district court is located, or in which service is effected . . . or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

Thus, absent waiver of service of the summons, which has not been shown here, Federal law does not permit service by certified mail. The question, then, is whether Florida, as the state in which this Court is located and the state in which service of Defendants Bellease, Wright, Guerrero,

Cabrerra, and Devoe was to be effected, (Doc. Nos. 7-10, 13-14), or Georgia, the state in which service of Defendant Crumley was to be effected, (Doc. No. 11), permits service by certified mail.

Florida Statutes, Chapter 48.031, which governs service of process on individuals, provides that "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Chapter 48.021 provides that service shall be served by the sheriff of the county where to the person to be served is found, or by a designated special process server. Florida Rule of Civil Procedure 1.070(i) permits a plaintiff to request a waiver of service in a manner substantially similar to that provided for in the Federal Rules of Civil Procedure.

Georgia law provides that service of an individual must be made by personal service by a sheriff, sheriff's deputy, marshal, by a designated and appointed process server. Ga. Code. Ann. 9-11-4(c). Georgia law does permit a plaintiff to request waiver of service in a manner substantially similar to that provided for in the Federal Rules of Civil Procedure. *Id.* at 4(d).

There is no indication that any of the defendants were provided with the notice required by Federal Rule of Civil Procedure 4(d), Florida Rule of Civil Procedure 1.070(i) or that Crumley was provided with the notice required by Georgia Code Annotated 9-11-4(d), to permit service by mail. Absent notice and waiver, certified mail was inadequate to effect service on the defendants. As such, the motions for default are premature, because Plaintiffs have not established that any of the individual defendants have been properly served.

Furthermore, inasmuch as the 120 day time limit between filing the complaint and effective service of process provided for in Federal Rule of Civil Procedure 4(m) has expired, Plaintiffs are **ORDERED** to Show Cause in writing, filed on or before January 18, 2006, why this case should not be dismissed without prejudice for failure to effect proper service on the individual defendants.

The Clerk of Court is directed to mail a copy of this order to Plaintiffs at their addresses of record.

**DONE** and **ORDERED** in Orlando, Florida on December 29, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties